DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Donald Galloway, has appealed from his convictions and sentence in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In November of 2005, Appellant was convicted and sentenced in the Summit County Court of Common Pleas as follows: (1) sixteen months incarceration for one count of domestic violence, in violation of R.C.2919.25(A), a felony of the fourth degree; (2) ninety days incarceration for one count of domestic violence, in violation of R.C. 2919.25(C), a second degree misdemeanor; (3) two years incarceration each on two counts of violating a protective order, in violation of R.C. 2919.27, felonies of the third degree; (4) ninety days incarceration for one count of resisting arrest, in violation of R.C. 2921.33(A), a misdemeanor of the second degree; and (5) eleven months incarceration for one count of obstructing official business, in violation of R.C. 2922.21(B), a felony of the fifth degree. The court ordered that Appellant's sentences were to be served concurrently.
 {¶ 3} Appellant timely appealed his convictions. The trial court appointed counsel to handle the appeal. On September 18, 2006, Appellant's counsel filed an Anders[1] brief in this Court and requested permission to withdraw as Appellant's counsel. On September 26, 2006, Appellant responded to his counsel's Anders brief. The State has not submitted a brief.
 II. {¶ 4} Appellant's counsel did not raise an assignment of error. In accordance with Anders, supra, Appellant's counsel has asserted that he is unable to find any issue upon which to argue error below. We agree.
 {¶ 5} In Appellant's response to his counsel'sAnders brief he failed to raise a specific assignment of error for our review. However, he appears to raise a manifest weight challenge. Upon our own full, independent examination of the record before this Court, we find that there are no appealable, non-frivolous issues in this case. See State v. Lowe (Apr. 8, 1998), 9th Dist. No. 97CA006758, at *2.
 III. {¶ 6} We affirm the judgment of the Summit County Court of Common Pleas. Appellate counsel's motion to withdraw as counsel is hereby granted.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
BOYLE, J., BAIRD, J., CONCUR
[1] Anders v. California (1967), 386 U.S. 738.